Speir, J.
It appears that the order to discontinue the action was made upon the plaintiff’s motion, and the same was discontinued upon the payment- of defendant’s costs. It is difficult to see how such a motion could be successfully opposed by the defendant. The.plaintiff would have had the right to do so upon payment, or tender of the costs.. If the defendant had sustained damages by reason of the issuing of the injunction which the plaintiff became liable to pay, the mere discontinuance of the suit by order of the *367 court on plaintiff’s application, could not discharge that liability. The liability had already occurred, and unless the order of the court, in terms, relieved the plaintiff, he has nothing to show for his release. The plaintiff, by his application to discontinue, -waived any right he may have had to the order, and the defendant had a right to the trial of the action, and to an appeal from the judgment therein to the general term, and to the court of appeals, if the judgment had been affirmed. As the case stands, the issuing of the injunction upon obtaining sureties to the undertaking, the motion to continue, and the modification on the appeal, together with the plaintiff’s voluntary discontinuance of the suit, raise at least the presumption of liability. The measure of liability must be determined by the order of reference. The order must be affirmed with costs.
Sedgwick, J.
— There is enough doubt as to the liability upon the undertaking under section 222 of the Code, to make the case of Carpenter v. Wright (4 Bosw. 655), applicable. By that case, unless it is perfectly clear that no action will lie, the liability should be determined in an action upon the undertaking.
I, therefore, concur in affirming the order with costs.